UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
DSY
2011 FEB 23 PM 2:32
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

KIMOTHY SIMMONS,

        Petitioner,

vs.                              Case No. 3:11-cv-73-J-20TEM

SECRETARY, DOC, et al.,

        Respondents.
_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

On January 27, 2011, the Court ordered Petitioner to submit two service copies of his Petition to the Court and to file a computer printout or notarized statement containing all the transactions in his prisoner account for the period from July 24, 2010, through January 24, 2011. Further, the Court notified Petitioner that failure to do so within twenty days of the order would result in the dismissal of this action without further notice. As of the date of this Order, there has been no response from Petitioner.

Therefore, it is now

**ADJUDGED:**

1.     This case is **DISMISSED** without prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.[1]

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of February, 2011.

UNITED STATES DISTRICT JUDGE

ps 2/23
c:
Kimothy Simmons

---

[1] This dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). Petitioner should note that the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).